WILLIAMS, Judge.
Plaintiff filed suit claiming an entitlement to worker’s compensation for Post Traumatic Stress Disorder following an alleged improper arrest on charges of misappropriation of funds from his job. The trial judge declared plaintiff to be “totally disabled”, and cast defendants for benefits due under the statute and for attorney’s fees and penalties for arbitrarily refusing to tender compensation benefits. Defendants appealed.
Plaintiff, Ernest Williams, was employed as a streetcar operator by the Regional Transit Authority (RTA) from July 1, 1983, until July 31,1987. During his tenure with the RTA, there was an investigation of alleged misconduct by transit operators after the New Orleans Police Department, Transit Police Unit, received complaints that streetcar operators had been seen receiving fares by hand and pocketing the funds. In the course of the investigation, plaintiff was implicated. Subsequently, a warrant was issued and plaintiff was arrested at the conclusion of his work shift.
After his arrest, plaintiff was brought to the Transit Police Unit office. When he indicated that he was not going to give a statement, he was taken to Central Lockup and booked with systematic theft. On the record before us, the resolution of the criminal charges is unclear; and, for our purposes, the status of the criminal charges is not relevant. As a result of this incident, however, plaintiff alleges that he suffered Post Traumative Stress Disorder which has rendered him disabled.
In brief, plaintiff describes the demeaning process by which he claims the investigation proceeded at the police station. Additionally, he claims that he was falsely implicated and charged without probable cause. At this time it is not our role to assess the validity of the arrest, but only to evaluate the applicability of Louisiana’s worker’s compensation statutes to plaintiff’s claim.
Under the worker’s compensation plan, an employee is entitled to receive benefits when he “receives personal injury by accident arising out of and in the course of his employment_” La.Rev.Stat. 23:1031. The dispositive issue, therefore, is whether Williams’ arrest pursuant to a valid warrant is a compensable “accident” arising out of his employment.
Under La.Rev.Stat. 23:1021(1), an accident is described as “an unexpected or unforeseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.” This kind of occurrence resulting from a police investigation or allegations of criminal activity is not a sudden and violent event as contemplated by the compensation statutes and consequently would not be compensable as resulting from an accident. It would be contrary to sound public policy to expand the worker’s *13 compensation statutes to include this type of incident.
As we have previously stated, the issue of whether the arrest was proper is not before us. The record reflects that the authorities had a basis for investigating the charges that RTA operators were misappropriating funds and that Williams was allegedly one of those operators. Arguably, the procedure which was followed may have been improper; however, the claims arising from the type of inappropriate police action alleged by the plaintiff, is more properly addressed in a tort action not a worker’s compensation claim.
For the foregoing reasons, we find that plaintiffs claims are not compensable under worker’s compensation and, accordingly, reverse the judgment of the trial court.
REVERSED.